THE CHERRYFIELD & MILBRIDGE ELECTRIC RAILROAD COMPANY, Appellants.

Washington.      Opinion July 23, 1901.

*Street Railroads.   Location.   Appeal.   Stat. 1899, c. 119, § 6.*

An electric railroad company in accordance with the provisions of Public Laws of 1899, ch. 119, § 6, applied to the municipal officers of a town for their approval of a proposed route and location. The municipal officers neglected and refused to approve and the company appealed to the Supreme Judicial Court. While that appeal was pending in court, the company made a second

application to the municipal officers, identical with the first, except that a portion of the proposed route in the first application described as "thence over and along said Big Bridge and Draw Bridge to Bridge Street," was omitted from the second. Upon the second application the municipal officers neglected and refused to give their approval, and the company again appealed, the former appeal still pending.

*Held;* that the pendency of the former appeal is not cause for the abatement of the latter.

A route or a location of a street railroad presented to the municipal officers for their approval cannot be considered with reference to particular streets one by one, but must be viewed as a whole. The municipal officers are vested with a judicial discretion. They may consider the width and other conditions of the streets, the convenience and safety of the public, and in case where it is proposed to cross a bridge, they may also consider whether the bridge has the requisite strength to support a street railroad and moving cars.

The omission in the latter application of a single street or a bridge may put an entirely different phase upon the questions presented, and action of the municipal officers, or their refusal to act, might thus be put upon new and different grounds; in short, the location as a whole, as presented to the municipal officers for their action, is not the same.

On exceptions by appellees. Overruled.

Plea in abatement by the municipal officers of the town of Milbridge alleging the pendency of a prior appeal in the same matter.

*F. I. Campbell*, for street railroad.

*H. H. Gray*, for Milbridge.

SITTING: WISWELL, C. J., STROUT, SAVAGE, FOGLER, PEABODY, JJ.

SAVAGE, J. The case shows that the appellant company on the fifteenth day of June, 1900, in accordance with the provisions of the Public Laws of 1899, ch. 119, § 6, applied by written petition to the municipal officers of Milbridge for their written approval of a proposed route and location of a street railroad, as to streets, roads and ways in the town of Milbridge, which route and location were specifically described in the petition. For more than thirty days thereafter, the municipal officers of Milbridge neglected and refused to approve said proposed route and location. Thereupon the company appealed to this court, praying for the appoint-

ment of a committee, as provided in the same section six in the Act referred to. The appeal was entered at the October term, 1900, of this court in Washington county, and was continued from term to term, until it was finally dismissed on the first day of the April term, 1901.

In the meantime, on the twenty-fifth day of January, 1901, the company presented a new application in writing to the municipal officers of Milbridge for their written approval of a proposed route and location for their railroad as before. Again, for thirty days, the municipal officers neglected and refused to give their approval. Another appeal was taken to this court, which was entered at the April term, 1901, and which is the pending proceeding. The two applications are identical in form, except that in the first a portion of the proposed route is described as, "thence over and along said Big Bridge and Draw Bridge to Bridge Street." This portion of the proposed route was omitted from the second application, the company having, so it is claimed in argument, obtained authority to build a bridge of its own at the point in question.

The respondents seasonably asked for the abatement of these proceedings on appeal, on the ground that " at the time the written application in said action was presented to said municipal officers for approval, January 25, 1901, and at the time this appeal was taken, there was pending in this court an appeal by the said company from said municipal officers for the same cause."

It may be doubted whether the rule in civil actions at law, that the pendency of a prior suit for the same cause is ground for the abatement of subsequent suit, should be applied in all strictness to proceedings of this character. But, be that as it may, we are of opinion that the route and location proposed in the first application are not identically the same as that proposed in the second, although the first application embraces all the streets and ways embraced in the second. It embraces one more, and herein lies the important difference. A route or location of a street railroad presented to the municipal officers for their approval, cannot be considered merely with reference to particular streets, one by one. It must be viewed as a whole. The municipal officers are to act in a judi-

cial capacity.   They are vested with a judicial discretion.   Application is made to that discretion.   They may consider the width and other condition of the streets, the convenience and safety of the public, and in case where it is proposed to cross a bridge, in addition to the matters already spoken of, they may consider whether the bridge has the requisite strength to support a street railroad and moving cars.   And it may well be that, taken as a whole, a proposed location, including a bridge, would be manifestly unsuitable, while the same location, without the bridge, would be proper. The reasons which might properly lead the municipal officers to refuse approval of the first location might be entirely wanting in the second.   Even so simple a change might put an entirely different phase upon the questions presented for the consideration of the municipal officers, and their action, or refusal to act, might thus be placed upon new and entirely different grounds.   In short, the location as a whole, as presented to the municipal officers for their action, is not the same.

The presiding justice below ruled that these proceedings were not abatable on the ground stated, and his ruling was correct.

*Exceptions overruled.*